**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT JOHNSON,

Plaintiff,

v.

Case No. 3:26-cv-265-WWB-SJH

SERGEANT SANCHEZ and
JAMES H. REID,

Defendants.

---

**ORDER**

Plaintiff Robert Johnson, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 and by paying in full the filing fee. (Doc. 1). Generally, Johnson alleges that officers at the Hamilton Correctional Institution Annex retaliated against him for filing grievances and lawsuits against state employees. The Court must screen Johnson's Complaint under 28 U.S.C. § 1915A. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007)[1] (holding that the district court is required to screen prisoner suits under § 1915A irrespective of whether the prisoner paid the filing fee or is proceeding *in forma pauperis*).

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss a complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1). The PLRA's "failure to state a claim" language mirrors the

---

[1] *See* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

language of Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted a true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complain must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. *Id*.

## I. COMPLAINT

Johnson alleges that on September 23, 2025, Sergeant Sanchez, Officer Reid, and several unnamed correctional officers entered the confinement dorm where his cell was located. (Doc. 1 at 9). Sgt. Sanchez directed Officer Reid to search Johnson's cell because Johnson "had been labeled as an inmate that writes grievances and file[s] lawsuits against state employees." (*Id.*). Officer Reid and two unnamed officers entered Johnson's cell, placed Johnson and his cellmate in handcuffs, and ordered them to kneel. (*Id.*). Officer Reid entered the cell while Sgt. Sanchez walked away. (*Id.*). Officer Reid asked Johnson, "why do you keep suing the state? You know there's consequences for

that, right?" (*Id*. at 10). Johnson responded that he was suing because "the administration was sending officers to retaliate against [him]." (*Id*.). Next, Officer Reid removed a piece of sharpened metal from his pocket and stated, "I just found this underneath your pillow so that means you're going back to [close management]." (*Id*.). Johnson denied that he had a knife under his pillow. (*Id*.). Officer Reid replied, "Are you calling me a liar? Anyways, you have to prove it which you won't be able to do because DOC is our world and we're going to keep f****ing you over every chance we get." (*Id*.).

Next, Officer Reid tossed several of Johnson's personal items out of his cell, including his deodorant, soap, soap dish, toothpaste, toothbrush, a half bag of coffee, a pack of cookies, twenty sugar packets, an address book, and two pens. (*Id*. at 10–11). These items were never returned to Johnson, and Johnson was never furnished a property slip stating that his property was confiscated as required by institutional policy. (*Id*. at 11). Sgt. Sanchez returned to Johnson's cell and asked Officer Reid, "Did you give Inmate Johnson the good old DOC hook up?" (*Id*.). Officer Reid showed Sgt. Sanchez the knife, and the two smiled at each other conspiratorially. (*Id*.).

The following day, Johnson received a disciplinary report written by Officer Reid for having a homemade weapon underneath his pillow. (*Id*.). At a hearing on September 30, 2025, Johnson denied having a weapon. (*Id*. at 12). However, Johnson was found guilty and sentenced to 60 days disciplinary confinement and received a referral for close management. (*Id*.). Later, Johnson was transferred to a more restrictive prison because of Officer Reid's false disciplinary report. (*Id*. at 13).

Johnson names Sgt. Sanchez and Officer Reid as defendants and sues them in both their official and individual capacities. (*Id*. at 3). He attempts to state claims for

retaliation under the First Amendment and for civil conspiracy, defamation, and civil theft under Florida state law. (*Id*. at 5). As relief, he seeks to recover compensatory, punitive, and nominal damages, as well as an injunction prohibiting the defendants from falsifying reports and retaliating against him. (*Id*. at 15).

## II. DISCUSSION

### A. First Amendment Retaliation

Johnson alleges that Sgt. Sanchez and Officer Reid conspired to frame him with a homemade weapon and falsified a disciplinary report that they found a knife underneath his pillow. (*Id*. at 5). Sgt. Sanchez and Officer Reid took these actions, Johnson alleges, in retaliation for his filing of a lawsuit against FDOC employees. (*Id*.).

The First Amendment "protects not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." *Turner v. Williams*, 65 F.4th 564, 579 (11th Cir. 2023) (quoting *Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019)). "To state a claim for First Amendment retaliation under § 1983, a plaintiff generally must plead (1) that the plaintiff engaged in constitutionally protected speech, (2) that the 'defendant's retaliatory conduct adversely affected the protected speech,' (3) and that the retaliatory action caused the adverse effect on plaintiff's speech." *Turner*, 65 F.4th at 579 (quoting *Bennett v. Hendrix*, 423 F.3d at 1250). "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Turner*, 65 F.4th at 580 (quoting *Bennett*, 423 F.3d at 1254). "To establish causation, the plaintiff must show that the defendant was 'subjectively motivated to discipline' the plaintiff for exercising his

First Amendment rights." *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting *Smith v. Mosely*, 532 F.3d 1270, 1278 (11th Cir. 2008)).

Here, Johnson alleges that Sgt. Sanchez directed Officer Reid to search his cell because he had been labeled as an inmate who files grievances and lawsuits against state employees. (Doc. 1 at 9). Johnson further alleges that Officer Reid planted a knife under his pillow and asked Johnson whether he understood the consequences of filing grievances and lawsuits against state employees. (*Id.*). He alleges that Sgt. Sanchez and Officer Reid discussed giving him the "good old DOC hook up," referring to their conspiratorial agreement to place the knife under his pillow. (*Id.* at 11). Finally, he alleges that Officer Reid filed a false disciplinary report about the knife. (*Id.*). These allegations, accepted as true, are sufficient to proceed on a First Amendment retaliation claim against Sgt. Sanchez and Officer Reid in their individual capacities. *See O'Bryant v. Finch*, 637 F.3d 1207, 1212 n.10 (11th Cir. 2011) ("[The Eleventh Circuit] recognizes that an inmate has a § 1983 action if prison officials file false disciplinary charges in retaliation for the inmate exercising his right to free speech by making grievances about prison conditions.").

Johnson may not, however, proceed against Sgt. Sanchez and Officer Reid in their official capacities. Official capacity claims are treated as claims against the entity that employs the defendants. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (quotation omitted). Thus, a suit against FDOC officers constitutes a suit against the FDOC. Absent consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (quotation omitted); *see also Lewis v.*

*Charlotte Corr. Inst. Emps.*, 589 F. App'x 950, 952 (11th Cir. 2014) ("[A] claim for damages against FDOC officers fails because the state officials sued in their official capacities are immune from such relief."). Accordingly, Johnson's official capacity claims against Sgt. Sanchez and Officer Reid are barred to the extent he seeks monetary damages from them. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

### B. State Law Claims: Civil Conspiracy, Defamation, Civil Theft

Federal courts may exercise supplemental jurisdiction over state-law claims only in limited circumstances, such as "when the state claims arise out of a common nucleus of operative fact with a substantial federal claim." *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 865 (11th Cir. 2022). Because Johnson's state law claims for civil conspiracy, defamation, and civil theft arise out of the same facts as his First Amendment retaliation claim, the Court exercises its supplemental jurisdiction over the claims.

Johnson alleges that Sgt. Sanchez and Officer Reid conspired to retaliate against him by "agreeing to frame [him] with a homemade weapon, then falsifying a disciplinary report alleging they found a knife underneath [his] pillow[.]" (Doc. 1 at 5). He alleges that the defendants conspired by "meeting up prior to, during, and after encountering [him] and agreeing to frame [him][.]" (*Id.*).

To state a claim for civil conspiracy under § 1983, a plaintiff must allege: "(1) a violation of his federal rights; (2) an agreement among the Defendants to violate such a right; and (3) an underlying actionable wrong." *Williams v. Fulton Cnty. Sch. Dist.*, 181 F. Supp. 3d 1089, 1148 (N.D. Ga. 2016) (cleaned up). "Under Florida law, a civil conspiracy must have as its object the commission of an underlying tort." *United Techs. Corp. v.*

*Mazer*, 556 F.3d 1260, 1281 (11th Cir. 2009). Here, Johnson identifies the object of the alleged conspiracy as retaliation.

However, under the intracorporate conspiracy doctrine, employees of the same corporation cannot conspire amongst themselves because their "acts are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010). The doctrine applies to public entities and their employees in the context of a § 1983 conspiracy claim. *Id*. Both Sgt. Sanchez and Officer Reid are FDOC employees acting within the scope of their employment during the alleged conspiracy. Because Sgt. Sanchez and Officer Reid, as FDOC correctional officers, "cannot conspire [between] themselves," Johnson's civil conspiracy claim is barred by the intracorporate conspiracy doctrine. *See id*. (listing cases in which the intracorporate conspiracy doctrine barred § 1983 conspiracy claims against government employees). Therefore, Johnson cannot state a claim for civil conspiracy, and this claim must be dismissed with prejudice. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not . . . allow an amendment . . . where amendment would be futile.").

Johnson alleges a defamation clam against Sgt. Sanchez and Officer Reid for "falsifying a disciplinary report against [him] causing [him] to suffer the damages of sixty (60) days Disciplinary Confinement and the recommendation of Close Management 1 status." (Doc. 1 at 5). "Defamation under Florida law has these five elements: (1) publication; (2) falsity; (3) the statement was made . . . at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). A statement is

defamatory if it "tends to harm the reputation of another by lowering him or her in the estimation of the community or, more broadly stated . . . exposes a plaintiff to hatred, ridicule, or contempt or injures his business or reputation or occupation." *Parekh v. CBS Corp.*, 820 F. App'x 827, 833 (11th Cir. 2020).

Johnson cannot state a claim for defamation based on a false disciplinary report because "a claim of being defamed by a police officer is not actionable under § 1983." *Walker v. Atlanta Police Dep't Pub. Affs. Unit*, 322 F. App'x 809, 811 (11th Cir. 2009) (citing *Paul v. Davis*, 424 U.S. 693, 711–12 (1976) (holding that an interest in reputation alone is not a liberty or property interest entitled to the Constitution's due process protections)). This claim must be dismissed with prejudice. *See Bryant*, 252 F.3d at 1163.

Johnson alleges a civil theft claim against Sgt. Sanchez and Officer Reid for "intentionally stealing and destroying several of [his] personal property items." (Doc. 1 at 6). To prevail on a civil theft claim under Florida law, a plaintiff must prove that the defendant "(1) knowingly (2) obtained or used, or endeavored to obtain or use, the plaintiff's property with (3) felonious intent; (4) either temporarily or permanently to (a) deprive the plaintiff of the right or benefit of the property, or (b) appropriate the property to the defendant's own use or the use of another." *Omnipol A.S. v. Multinational Defense Servs., LLC*, 32 F.4th 1298, 1307–08 (11th Cir. 2022); *see also Hawthorne v. Lyons*, 192 So. 3d 1279, 1280 (Fla. 1st DCA 2016). "A claim for civil theft consists of conversion plus criminal intent." *Gokalp v. Unsal*, 284 So. 3d 1097, 1099 (Fla. 4th DCA 2019). A defendant who "does not personally receive property which is the subject of an alleged conversion or civil theft cannot be liable for such action." *Id.*

Johnson fails to plead sufficient facts to state a civil theft claim. He merely alleges that Officer Reid, at the direction of Sgt. Sanchez, removed his personal items during a search of his cell, and the items were never returned. Such allegations are insufficient to show the defendants acted with felonious intent. *Cf. Batista v. Rodriguez*, 388 So. 3d 1098, 1100 (Fla. 3d DCA 2024) (finding allegations that the defendant acted with criminal intent to permanently deprive the plaintiff of money sufficient to state a claim for civil theft). And, Defendants cannot be liable for civil theft because Johnson pleads no facts to show they personally received Johnson's property for their own use or another person's use. Notably, in at least two prior cases, Johnson has unsuccessfully attempted to state a claim for civil theft based on allegations like those alleged here. *See Johnson v. Snyder*, 2:24-cv-166-SPC-NPM, Doc. 42 at 15 (M.D. Fla. Apr. 24, 2024); *Johnson v. Grant*, 2:23-cv-577-JES-KCD, Doc. 34 at 13 (M.D. Fla. Aug. 6, 2024). Because amendment would be futile, this claim must be dismissed with prejudice. *See Bryant*, 252 F.3d at 1163.

## III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The following claims are **DISMISSED with prejudice**: Johnson's claim for monetary damages from Sgt. Sanchez and Officer Reid in their official capacities and Johnson's state law claims for civil conspiracy, defamation, and civil theft. Johnson may proceed on his First Amendment retaliation claim against Sgt. Sanchez and Officer Reid in their individual capacities.
2. The Court shall enter a separate order directing Johnson to serve Sgt. Sanchez and Officer Reid.

**DONE AND ORDERED** at Jacksonville, Florida, on September 15, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-5
C: Robert Johnson, #L10847