**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT JOHNSON,

Plaintiff,

v.

Case No. 3:26-cv-265-WWB-SJH

SERGEANT SANCHEZ, et al.,

Defendants.

---

# ORDER

Plaintiff Robert Johnson, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. Generally, Johnson alleges that officers at the Hamilton Correctional Institution Annex retaliated against him for filing grievances and lawsuits against state employees.

An order issued on September 15, 2026, screened Johnson's Complaint under 28 U.S.C. § 1915A. (Doc. 6). The Court ruled that Johnson could proceed on his First Amendment retaliation claim against Sergeant Sanchez and Officer Reid in their individual capacities. (*Id*. at 5). The Court dismissed with prejudice Johnson's state law claims for civil conspiracy, defamation, and civil theft. (*Id*. at 6–9).

Johnson now moves for reconsideration of the Court's Screening Order. (Doc. 10). He does not identify the Federal Rule of Civil Procedure under which he seeks reconsideration. Therefore, the Court generously construes the pro se filing as a motion to alter or amend the judgment under Rule 59(e) because Johnson files his motion within twenty-eight days after the entry of the order dismissing the state law claims. *See* Fed.

R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of the judgment.").

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). "The only grounds for granting a Rule 59 motion are newly [] discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

Johnson fails to demonstrate that the Court's earlier dismissal of his state law claims was manifestly erroneous. He merely argues with the Court's reasoning by citing inapplicable Florida caselaw, and he cites no controlling authority that calls into question the Court's findings. Notably, the Court's findings are consistent with the decisions of at least two prior cases in which Johnson unsuccessfully attempted to pursue state law claims of civil conspiracy, defamation, and civil theft. *See Johnson v. Snyder*, 2:24-cv-166-SPC-NPM, Doc. 42 (M.D. Fla. Apr. 24, 2024); *Johnson v. Grant*, 2:23-cv-577-JES-KCD, Doc. 34 (M.D. Fla. Aug. 6, 2024).

Accordingly, Johnson's motion for reconsideration under Federal Rule of Civil Procedure 59(e) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on October 19, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-5
C: Robert Johnson, #L10847